SFC.29372

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DFWS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:25-cv-01646** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

<u>**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**</u>

Defendant **STATE FARM LLOYDS** ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal and shows as follows:

**I. INTRODUCTION**

1.    This is a removal of an insurance coverage and bad faith case.  This suit was filed by Plaintiff against State Farm on May 21, 2025 in the 162nd District Court of Dallas County, under Cause No. DC-25-08032. A true and correct copy of Plaintiff's Original Petition is attached hereto as <u>EXHIBIT C.</u>

2.    This removal is based on diversity jurisdiction.  The amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks only "monetary relief in excess of $1,000,000". *Id.* at ¶3.  There is complete diversity between Plaintiff and Defendant.

3.    Plaintiff brings multiple causes of action against State Farm relating to State Farm's handling of a property insurance claim submitted by Plaintiff for alleged wind and hailstorm damage to an apartment complex owned by Plaintiff at 4821 Gaston Ave. in Dallas, Texas. Plaintiff alleges generally that State Farm is liable to Plaintiff for breach of contract, breach of the duty of good faith and fair dealing, non-compliance with the Texas Deceptive Trade Practices Act

("DTPA"), and noncompliance with Chapters 541 and 542 of the Texas Insurance Code. <u>EXHIBIT C.</u>

4.      State Farm received service of Plaintiff's Original Petition on May 30, 2025. <u>EXHIBIT D.</u> State Farm filed its Original Answer to Plaintiff's Original Petition on June 20, 2025. <u>EXHIBIT E.</u>

5.      State Farm now files this Notice of Removal within 30 days of service of Plaintiff's Original Petition per 28 U.S.C. § 1446(b). State Farm files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Dallas County state court in which this case was previously pending.

## II. DIVERSITY JURISDICTION

6.      This Court has jurisdiction over this civil action pursuant to 28 U.S.C § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7.      According to Plaintiff's Original Petition, DFWS, LLC is a Texas Limited Liability Company with a principal place of business in Dallas County, Texas. <u>EXHIBIT C.</u>  According to DFWS, LLC's current public information report on file with the Texas Secretary of State, the managers of DFWS, LLC are Huei Fen Wang and Frank Huong, both of whom are individuals and citizens of Nevada.  <u>EXHIBIT F.</u> According to the same public information report, Plaintiff DFWS, LLC is wholly owned by Denistein, LLC, a Delaware limited liability company. <u>EXHIBIT F.</u> According to the Delaware Department of State, Division of Corporations, Denistein, LLC was a domestic limited liability company with its principal place of business in Delaware until it ceased to be in good standing as of June 1, 2025.  The citizenship of a limited liability company such as DFWS, LLC is determined by the citizenship of its members, not by the state where the entity was organized.  *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483

(5th Cir. 2014).  Therefore, for purposes of diversity jurisdiction, Plaintiff DFWS, LLC is a citizen of Nevada and is wholly owned by Denistein, LLC, a citizen of Delaware.

8.    State Farm is a "Lloyds Plan" insurer organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. The current underwriters for State Farm Lloyds are:

- Mark Edward Schwamberger:  Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sarah Mineau:  Ms. Mineau is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Jonathan Allen Porwick:  Mr. Porwick is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Andrew Glenn Rader:  Mr. Rader is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sonya Johnson Robinson: Ms. Robinson is domiciled in Arizona. Her residence and full time place of employment are in Illinois and Arizona and she has expressed an intent to remain in Arizona while an Underwriter of State Farm Lloyds.

- Ronald Bradley Thein: Mr. Thein is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

*See* EXHIBIT G.

Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not Texas. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

9.      Relying on Plaintiff's pleaded facts, without any admission as to their truth, Plaintiff pleads that it is the named insured under a State Farm insurance policy. EXHIBIT C, at ¶ 5.  Plaintiff pleads that it suffered damage to its insured property from a wind and hailstorm event. *Id*. at ¶ 6. And, Plaintiff pleads that it submitted an insurance claim to State Farm for this alleged damage. *Id*.

10. The jurisdictional amount for diversity jurisdiction is met if the amount in controversy exceeds $75,000, exclusive of interest and costs. *White v. FCI USA, Inc*., 319 F.3d 672, 674 (5th Cir. 2003). Generally, federal courts determine the amount in controversy for removal purposes by looking at the amount demanded by a plaintiff in his/her petition. *In Vas Medical Devices, LLC v. Zimmer Biomet CMF and Thoracic, LLC,* 2022 WL 4538459 at *7 (N.D. Tex. Sep. 28, 2022). Given the early stage at which removal is sought, the court makes the determination "not by proof of the amount," but by "estimate of the amount that will be put at issue in the litigation," guided by the allegations in the plaintiff's petition. *Id*. (quoting *Durbois v. Deutsche Bank Nat. Trust Co., as Indenture Trustee, for the Benefit of the Holders of AAMES Mortgage Investment Trust 20054 Mortgage Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022)).

11.    Removal is proper once a defendant proves by a preponderance of the evidence that the jurisdictional amount is met, unless the plaintiff can prove with legal certainty that plaintiff's recovery will not exceed the jurisdictional amount. *In Vas Medical Devices*, 2022 WL 4538459 at *7 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

12.    The Fifth Circuit has emphasized that the test described above "is not a burden-shifting exercise." *De Aguilar*, 47 F.3d at 1412. Ultimately, the court's analysis should be made in light of the plaintiff's pleaded allegations, as it is always the plaintiff's burden to state a claim and "make all information known at the time he files the complaint." *Id*. By maintaining the plaintiff's complaint as the primary source of proof of the jurisdictional amount, "plaintiff remains the master of his complaint." *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy should be determined from the plaintiff's perspective. *Schoenbauer v. Deutsche Bank Nat. Trust Co.*, 2021 WL 495881 at *2 (N.D. Tex. Jan. 26, 2021), report and recommendation adopted by *Schoenbauer v. Nat. Trust Co.,* 2021 WL 487740 (N.D. Tex. Feb. 10, 2021).

13.    According to Plaintiff's own allegations as stated in Plaintiff's Petition at the time of removal, the preponderance of the evidence demonstrates that the amount in controversy is in excess of $75,000, exclusive of interest and costs. Plaintiffs allege that they are entitled to "monetary relief in excess of $1,000,000" in this suit. <u>EXHIBIT C,</u> at ¶ 3. Factoring in Plaintiffs request for treble (exemplary) damages under the Texas Insurance Code and the DTPA, a jury could award damages greater than $75,000 in this case. Furthermore, where, as here, a plaintiff seeks the recovery of attorneys' fees under a state statute that permits such recovery, those fees are included in the calculation of the amount in controversy. *Louque v. Allstate Ins. Co.,* 314 F.3d 776, 779 (5th Cir. 2002).

As such, the amount in controversy exceeds $75,000, exclusive of interest and costs, for purposes of diversity jurisdiction.

## III.   VENUE

14.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 162nd Judicial District Court, Dallas County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV. COMPLIANCE WITH REMOVAL PROCEDURES

15.    Attached to or filed with this Notice of Removal are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

   A.    Index of Documents Being Filed

   B.    Docket Sheet in the 162nd District Court (state court) Action

   C.    Plaintiff's Original Petition, filed on May 21, 2025

   D.    Citation issued to State Farm Lloyds with Proof of Service by Certified Mail on May 30, 2025

   E.    State Farm Lloyds' Original Answer filed on June 20, 2025

   F.    Certified Copies of the Certificate of Formation and Public Information Report for Plaintiff DFWS, LLC

   G.    Affidavit of Brant Kaufmann

   H.    List of Counsel of Record

16.    This Notice of Removal is being filed within 30 days of service of Plaintiff's Original Petition and is therefore timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiff and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

17.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

19.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for Dallas County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds requests this action now pending in the 162nd Judicial District Court of Dallas County, Texas be immediately and entirely removed upon filing of this Notice of Removal to the United States Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**FLETCHER, FARLEY**
**SHIPMAN & SALINAS, LLP**

BY:     */s/ Kristi L. Kautz*
**KRISTI L. KAUTZ**
State Bar No. 24060069
Email: kristi.kautz@fletcherfarley.com
**GLORIA J. SOLORZANO**
State Bar No. 24138243
Email: gloria.solorzano@fletcherfarley.com
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
(214) 987-9600 (office)
(214) 987-9866 (telecopier)

**ATTORNEYS FOR DEFENDANT**
**STATE FARM LLOYDS**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 26th day of June 2025.

*/s/Kristi L. Kautz*
**KRISTI L. KAUTZ**