UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DFWS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-01646-X |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant State Farm Lloyds's (State Farm) motion for summary judgment. After reviewing the motion, the briefing, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. The Court **DISMISSES WITH PREJUDICE** DFWS LLC's (DFWS) statutory claims under the Texas Insurance Code section 541, Deceptive Trade Practices Act, and common law claim for breach of duty of good faith and fair dealing.

## I.      Background

This is roof insurance case. On May 27, 2026, Dallas—unsurprisingly—was hit with a hail storm. DFWS did not know that its roof was damaged at the time but later realized the issue when tenants complained about leaks. So, seven months after the storm, DFWS submitted an insurance claim for wind and hail damage to State Farm.

State Farm investigated the claim and denied it, asserting the leaks were caused by wear and tear on the roof, instead of the hailstorm.

## II.    Legal Standard

District courts can grant summary judgment only if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1]  A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[2]  If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate."[3]  "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[4]  The nonmovant must present "evidence sufficient to support a jury verdict."[5]

## III.    Analysis

DFWS's complaint contains five claims: 1) Breach of Contract; 2) Breach of Duty of Good Faith and Fair Dealing; 3) Deceptive Trade Practices Act (DTPA); 4) Texas Insurance Code Section 541; and 5) Prompt Payment Act in Texas Insurance Code Section 542.

State Farm moves for summary judgment on each claim. For the reasons explained below, the Court grants in part the motion and the remaining claims must be resolved at trial.

---

[1] FED. R. CIV. P. 56(a).

[2] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[3] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[4] *Id.*

[5] *Id.*

2

### A.    Breach of Contract

State Farm asserts two bases to dismiss DFWS's breach of contract claim. First it asserts that DFWS did not segregate damages as to covered and non-covered perils under the contract. Second, it asserts that DFWS did not provide prompt notice of the damage. Both arguments fail.

Texas's concurrent causation doctrine instructs that "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage."[6]

State Farm argues that DFWS fails to meet its burden because it does not segregate what damages were caused by the covered peril (hailstorm) and the non-covered peril (wear and tear). The Court disagrees.

DFWS provided an expert report that asserts *all* the damage was caused by the hailstorm. Here, based on the expert report, a "reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in [DFWS's] favor."[7] So it has met its burden. And State Farm did not file a reply brief that upsets the Court's conclusion as to the issue.

Next, State Farm moved to dismiss the breach of contract claim asserting that DFWS failed to provide prompt notice as a matter of law, in violation of the contract. The contract states that: "(1) [DFWS] must see that the following are done in the

---

[6] *Overstreet v. Allstate Vehicle & Prop. Ins.*, 34 F.4th 496, 498 (5th Cir. 2022).

[7] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

event of loss to Covered Property . . . (b) Give [State Farm] prompt notice of the loss. Include a description of the property involved."[8]

Under Texas law, compliance with a provision in an insurance policy requiring prompt notice "is a condition precedent, the breach of which voids policy coverage."[9] However, prompt notice only absolves an insurer of liability if the lack of notice causes prejudice.[10]  When the contract does not define prompt notice, the notice must be given within a reasonable time.[11]  And "if the delay occurs without explanation, it is appropriate to conclude that prompt notice was not given as a matter of law."[12]

Here, DFWS provides a clear and adequate explanation for the delay.  Namely, no damage was immediately apparent, and tenants did not report the leaks until water intrusions manifested in late summer and fall.  Accordingly, the notice is not untimely as a matter of law.  Further, State Farm provides no evidence that the lack of notice caused any prejudice.  The Court finds that the notice was reasonable— although State Farm's reliance on the prompt payment was not done in bad faith.  So the lack of immediate notice does not absolve State Farm of liability.  Thus, the Court **DENIES** the motion as to the breach of contract claim.

---

[8] Doc. 26 at 60–61.

[9] *Hamilton Properties v. American Ins.*, 643 F. App'x. 437, 440 (5th Cir. 2016).

[10] *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 636–37 (Tex. 2008).

[11]  *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005).

[12]  *Alaniz v. Sirius Int'l Ins. Corp.,* 626 F. App'x. 73, 77 (5th Cir.2015).

### B.    Breach of Duty of Good Faith & Fair Dealing

Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims.[13]  A plaintiff may sue for a breach of this duty if its insurer denies or delays its claim without any reasonable basis for the denial or delay.[14]  But under Texas law, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith."[15]  This means that "[a]s long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith."[16]

Here, State Farm has carried its burden that established a bona fide coverage dispute.  First, it is undisputed that State Farm did not receive notice of the claim until 7 months after the storm.  While the delay did not cause State Farm prejudice, the delay nonetheless provided a reasonable basis to deny the claim.  And DFWS's response does not otherwise raise a genuine fact dispute on its common law bad faith claim.  The Court therefore **GRANTS** State Farm's Motion with respect to DFWS's claim for duty of good faith and fair dealing claim.

### C. Violation of the Texas Insurance Code Section 541 & Texas DTPA

Texas courts have recognized the close relationship between common law bad faith claims and the statutory bad faith claims found in the Texas Insurance Code

---

[13] *Arnold v. Nat'l Cnty. Mut. Fire Ins.*, 725 S.W.2d 165, 167 (Tex. 1987).

[14] *Id.*

[15] *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins.*, 801 F.3d 512, 526 (5th Cir. 2015) (cleaned up).

[16] *Higginbotham v. State Farm Mut. Auto. Ins*, 103 F.3d 456, 459 (5th Cir. 1997) (cleaned up).

section 541 and DTPA. "Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas."[17]  Stated otherwise, "[b]ecause the statutory and common law standards are now the same, a finding that there is no common law violation as a matter of law also eliminates the statutory claims alleged by plaintiffs in this case."[18]

Therefore, the Court's reasoning with respect to DFWS's common law claim of breach of duty of good faith and fair dealing applies to DFWS's statutory claims as well.  Accordingly, State Farm's Motion is **GRANTED** as to DFWS's extra-contractual statutory claims.

### D. Prompt Payment Act

Finally, State Farm seeks judgment as a matter of law on DFWS's Prompt Payment claims under Section 542 of the Texas Insurance Code.  State Farm only moved to dismiss this claim because it asserts the breach of contract claim fails.  But because the breach of contract claim survives dismissal, so to does the Prompt Payment Act claim.  Accordingly, the Court **DENIES** the motion for summary judgment.

---

[17] *Higginbotham*, 103 F.3d at 460 (collecting cases); TEX. INS. CODE § 541.001 *et seq.*

[18] *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 579 (W.D. Tex. 1999).

6

### IV.   Conclusion

For the above reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment.  The Court **DISMISSES WITH PREJUDICE** DFWS's duty of good faith and fair dealing claim, DTPA claim, and section 541 of Texas Insurance Code claim.  The jury must decide the remaining claims—breach of contract and prompt payment act.

**IT IS SO ORDERED** this 7th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE